Robert F. Thompson, Att'y NE AR Solid Waste Management District c/o Branch, Thompson, Philhours Warmath 414 West Court Street Paragould, AR 72450-4293
Dear Mr. Thompson:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107), concerning the release of certain records under the FOIA.
You indicate that you represent the Northeast Arkansas Solid Waste Management District, and that the District dismissed an individual as a result of certain sexual harassment complaints that were made against the individual. You further indicate that you have declined to release "personnel matters" to the public regarding the case, in the interest of protecting the privacy of the complainants. You do not specify the particular records that have been requested.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records (or as the legal advisor to the custodian), regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
Because I have not been provided with copies of the requested records, nor do I have specific information as to the particular records that have been requested, I am unable to give a definitive opinion concerning your determination that the requested records should not be released. Nevertheless, I will provide a review of the applicable law, on the basis of which you can assess whether your determination was consistent with the FOIA.
In evaluating the releasability of the requested records, it will be important to determine whether the records pertain to the employee in question merely in a general way, whether they were created by the District as a part of an investigation of the complaints about the employee, or whether they were unsolicited complaints about the employee. This distinction is significant, because it will determine whether these records are "personnel records" or "employee evaluation/job performance records." These two types of records are subject to differing standards of releasability. These standards are discussed below.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees, or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3d ed. 1998), at 134. It should be noted that this office has specifically found that unsolicited complaints about employees constitute those employees' "personnel records." See Ops. Att'y Gen. Nos. 2000-231; 2000-203; 2000-058.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee whose records they are. A.C.A. § 25-19-105(b)(10).
If you determine that the documents that have been requested are, in fact, "personnel records," the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employee to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed.
The Privacy Interest of the Other Employees
Even if it is determined that the release of the requested records would not constitute a clearly unwarranted invasion of the personal privacy of the employee in question, the release of these records may nevertheless affect a protectable personal privacy interest of other individuals who are named in the records. A determination of whether the release of these records does give rise to such a protectable interest requires that certain factual determinations be made. Only the custodian of the records is in a position to make such a determination, based upon the information that is available to the custodian. You state that your objection to the release of these records to the requestor is based on a concern for the personal privacy of the individuals who lodged sexual harassment complaints against the employee in question. A concern of this nature could (if the facts so indicate) rise to the level of a protectable constitutional privacy interest. If so, and if you, as the custodian of the records, make the further factual determinations that are discussed below, the names of other individuals that are reflected in the records, and any other personal identifiers of these individuals, should be redacted prior to their release to the requestor. See Ops. Att'y Gen. Nos. 2000-174; 2000-058; 96-356.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If you, as custodian of the records, determine factually that the concern you have expressed meets the three prongs of test laid out by theMcCambridge court, you must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If you determine that the privacy interest in protecting the other individuals' identities outweighs the public's interest in knowing those identities, you should redact these individuals' names and personal identifiers from the record before they are released.[1]
"Employee Evaluation/Job Performance Records"
If the requested records were created at the instance of the District for the purpose of investigating the complaints made against the employee in question, they should be deemed "employee evaluation/job performance records."
The FOIA does not define the term "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Op. Att'y Gen. No. 2000-242. I have, more specifically, opined that record of an investigation into allegations of sexual harassment constitute job performance records. See, e.g., Op. Att'y Gen. No. 1999-361. Accord, Ops. Att'y Gen. Nos. 94-119; 88-162.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether the above-listed conditions have been met is a factual one. You indicate that there has been a hearing affirming the dismissal of the employee in question. If no further appeals are available to the employee, or if the time for appeal has expired, the first condition has been met. You must further determine, as a factual matter, whether the remaining two conditions have been met. The most difficult of these to determine, of course, is the third condition — whether there is a compelling public interest in the records in question.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by you, as the custodian of the records, considering all of the relevant information. I note, however, that this office has consistently opined that the public does have a compelling interest in the release of job performance records relating to sexual misconduct. See, e.g., Ops. Att'y Gen. Nos. 1999-361; 94-119; 93-356 (records containing allegations of sexual misconduct of school superintendent give rise to compelling public interest); 89-073 (job performance records relating to sexual misconduct of police officers gives rise to a compelling public interest).
Finally, I note three matters of which the custodian of the records must always be cognizant. First, an individual's personnel records and employee evaluation/job performance records must be provided to that employee, if requested. A.C.A. § 25-19-105(c)(2). Second, any record under consideration may be subject to other exemptions from disclosure, as listed in A.C.A. § 25-19-105. Third, any record that is released should be reviewed to determine whether it contains specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No.99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Records that name more than one employee could constitute the "personnel records" of all of those employees. The release of such records should therefore be analyzed under the "clearly unwarranted" test with regard to each of the employees. Such an analysis may result in a determination that certain names (but not others) should be redacted. That is, the release of the records could constitute a clearly unwarranted invasion of some of the employees' privacy, but not of others'. I note that this conclusion could be reached even without conducting constitutional privacy analysis.